# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GUTIERREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>C. WOFFORD,<br><br>　　　　Respondent. | Case No. 1:15-cv-01848-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 11) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the claim raised in the instant petition is unexhausted, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

**I.**

**DISCUSSION**

On December 10, 2015, Petitioner filed the instant federal habeas petition in this Court, challenging the determination by the California Department of Corrections and Rehabilitation ("CDCR") that he is not eligible to earn increased good time credits pursuant to an order issued on February 10, 2014, by the three-judge District Court in Coleman v. Brown, No. 2:90-cv-0520 (E.D. Cal.), and Plata v. Brown, No. C01-1351. (ECF No. 1). On March 28, 2016, Respondent filed a motion to dismiss. (ECF No. 11). Petitioner has failed to file any opposition.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). To provide the highest state court the necessary opportunity, the petitioner must "fairly present" the claim with "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Duncan, 513 U.S. at 365; Gray v. Netherland, 518 U.S. 152, 162–63 (1996). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

Petitioner acknowledges that the claim he raises in the instant petition is unexhausted. (ECF No. 1 at 3–4).[1] Petitioner argues that he should not be required to exhaust administrative or state remedies because they are inadequate and futile. Specifically, Petitioner asserts that California state courts have repeatedly taken the position that jurisdiction over CDCR's compliance with the February 2014 order of the three-judge District Court is vested with the federal courts and have limited their review to whether CDCR has complied with California Penal Code section 2933.05. (ECF No. 1 at 4–5).

However, the California Court of Appeal has reviewed a state habeas corpus petition challenging a parole board decision that followed a review procedure enacted pursuant to the February 2014 order of the three-judge District Court. See In re William Ilasa, --- Cal. Rptr. 3d ----, 2016 WL 4987137 (Cal. Ct. App. Sept. 19, 2016). Therefore, the Court finds that state judicial remedies are not futile, and as Petitioner has not sought relief in the California Supreme Court for the claim that he raises in the instant petition, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1). Accordingly, the Court finds that dismissal is warranted for failure to exhaust state remedies.[2]

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] Because the Court finds that the petition should be dismissed for nonexhaustion, the Court will not address Respondent's other argument in the motion to dismiss that Petitioner fails to state a cognizable federal habeas claim.

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED for nonexhaustion.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 11, 2016**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE